# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| MARK RICHMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16-CV-353 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Mark Richmond, a *pro se* prisoner, filed a habeas corpus petition challenging his convictions and sentence by the Lake County Superior Court on March 21, 2006, under cause number 45G02-0390-FA-25. ECF 1. The respondent argues that all of Richmond's claims are procedurally defaulted. For the reasons set forth below, the court agrees. Accordingly, the court **DENIES** the petition, **DENIES** the petitioner a certificate of appealability, and **DISMISSES** the case.

I.    BACKGROUND

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Richmond's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Richmond's offenses as follows:

> Sometime after midnight on September 18, 2003, Richmond arrived home to find his wife, DeeDee Richmond (DeeDee), in the kitchen. An argument ensued when DeeDee refused his sexual advances. The argument escalated when she informed Richmond she wanted a divorce. DeeDee decided it would be best if she left and took their baby with her. Richmond took her house key off her key ring to make it impossible for her to reenter the marital residence after leaving. When Richmond would not return the keys, DeeDee called the police. Before the police arrived, DeeDee finished packing a bag for

> herself and the baby. When the police arrived they advised her not to worry about the keys. She took their advice and left with the baby. The two spent the night in a parking lot under the belief that Richmond would not be able to locate them, as he would if she took refuge at a friend or relative's house.
>
> Later that morning, DeeDee's sister, Yvonne, awoke to Richmond's hand over her mouth and a knife to her neck. Richmond motioned for her to rise and directed her into the living room. Yvonne asked where DeeDee was, to which he responded, they had a fight and she was leaving him. He also told Yvonne that he had always wanted her and now he could have her while hurting his wife at the same time. Richmond proceeded to pull up Yvonne's slip and perform oral sex on her. Then he cut her underwear off with the knife and penetrated her with his penis. When Richmond left Yvonne called her mother and 911. Richmond entered Yvonne's home by cutting a screen in her daughter's bedroom window.

*Richmond v. State,* No. 45A03–0607–CR–293, slip op. at 2–3 (Ind. Ct. App. Mar. 27, 2007); ECF 5-5.

After a jury trial, Richmond was found guilty of rape, criminal deviate conduct, burglary and confinement. ECF 5-1 at p. 19. Richmond was also found to be a habitual offender and sentenced to 93 years imprisonment. Id. On appeal, the Indiana Court of Appeals reversed his sentence and remanded for re-sentencing. Id. at 18; ECF 5-5. Richmond was resentenced and again appealed to the Indiana Court of Appeals. ECF 5-2. He argued that his sentence was inappropriate in light of the nature of his offense and character. ECF 5-6. The court of appeals affirmed his sentence. ECF 5-2; ECF 5-5. Richmond sought transfer with the Indiana Supreme Court, again arguing that his sentence was inappropriate in light of the nature of his offense and character. ECF 5-9. The Indiana Supreme Court denied transfer. ECF 5-11.

On February 17, 2012, Richmond filed a petition for post-conviction relief. ECF 5-1 at 17. The post-conviction court denied his petition. ECF 5-1 at 14. Richmond filed a motion to correct error,

which was deemed denied on April 24, 2015. ECF 5-20. Richmond filed a notice of appeal with the Indiana Court of Appeals on June 8, 2015. ECF 5-1 at 14; ECF 5-13. Richmond sought permission to file a belated appellate brief. ECF 5-12. The Indiana Court of Appeals denied that request because "[p]ursuant to Appellate Rule 9(A)(5) Appellant has forfeited his right to appeal because his Notice of Appeal was not timely filed." ECF 5-20. Richmond filed a motion to reconsider but, that too, was denied. ECF 5-20; ECF 5-21. On February 3, 2016, Richmond sought transfer with the Indiana Supreme Court, alleging that the Indiana Court of Appeals abused its discretion when it determined that his notice of appeal was not timely filed. ECF 5-23. The Indiana Supreme Court denied transfer. ECF 5-24.

Richmond has now filed a habeas corpus petition here, raising six issues: (1) he was denied his Sixth Amendment right to self-representation; (2) he was denied his Sixth Amendment right to be present during the habitual offender phase; (3) he was denied his Sixth Amendment right to a jury determination under *Blakely v. Washington*; (4) he was denied his Sixth Amendment right to effective assistance of appellate counsel when counsel failed to raise "that the trial court erred when it allowed the State to amend the habitual offender charge;" (5) his appellate counsel failed to provide effective assistance when he failed to raise evidentiary issues on appeal; and (6) the Indiana Court of Appeals "erroneously concluded that Richmond's notice of appeal was not timely filed." ECF 1.

II. ANALYSIS

Richmond's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a

district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the

4

claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

    1.    <u>Richmond's claims are procedurally defaulted.</u>

The respondent argues that the first five claims raised in Richmond's habeas petition were not fully and fairly presented to the Indiana Supreme Court, so they are procedurally defaulted. It is undisputed that Richmond never presented any of his first five claims to the Indiana Supreme Court. Because he did not raise these claims in one complete round of state review, they are procedurally defaulted. *O'Sullivan*, 526 U.S. at 848 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims).

The respondent next argues that Richmond's sixth claim—that the Indiana Court of Appeals erroneously concluded that Richmond's notice of appeal was not timely filed—is procedurally defaulted based on independent and adequate state law grounds. The Indiana Court of Appeals dismissed his appeal with prejudice because he did not file a timely notice of appeal in accordance with INDIANA APPELLATE RULE 9(A)(1), (5). This rule required Richmond to file his notice of appeal within 30 days after the denial of his motion to correct errors. Richmond did not file his notice of appeal until 45 days after his motion to correct errors was denied. Thus, the Indiana Court of Appeals properly dismissed

Richmond's appeal because he failed to file a timely Notice of Appeal. "Before asserting a habeas claim in federal court, a petitioner must not only fairly present his claims to the state courts, he must do so at the time, and in the way, required by the state." *Badelle v. Correll*, 452 F.3d 648, 664 (7th Cir. 2006). Richmond's failure to comply with this state procedural rule provides an adequate and independent state ground that blocks federal review. *Coleman*, 501 U.S. at 735; *Szabo v. Walls*, 313 F.3d 392 (7th Cir. 2002).

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Richmond does not attempt to show cause and prejudice in his petition. Nor has he filed a traverse responding to the respondent's procedural default arguments. While Richmond states that he did not raise five of his issues to the Indiana Supreme Court because the Indiana Court of Appeals dismissed his post-conviction appeal as untimely, ECF 1 at pp. 3-4, the petition presents no explanation for why Richmond did not follow the State appellate procedural rules. Therefore the petition presents no basis for finding cause or prejudice for his procedural default.

A habeas petitioner can also overcome a procedural default by establishing that the Court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional

violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of actual innocence the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 537. This is a difficult standard to meet, and such claims are "rarely successful." *Schlup*, 513 U.S. at 324. Richmond does not attempt to establish that any such fundamental miscarriage of justice would occur, nor does the court find that to be the case. As a result, Richmond cannot excuse his default and habeas review is precluded on these claims.

2. Richmond is not entitled to a certificate of appealability.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As

previously explained, all of Richmond's claims are procedurally defaulted and there is no reason to encourage him to proceed further. Therefore he will be denied a certificate of appealability.

III. CONCLUSION

For these reasons, the court **DENIES** the petition, **DENIES** the petitioner a certificate of appealability, and **DISMISSES** the case.

**SO ORDERED** on April 14, 2017.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division